request, acted upon it, and, although the order does not contain anything in reference thereto, he cannot complain. The defendant was represented by his attorney at the time of the taking of the testimony of the plaintiff Clark. He had the benefit of a thorough and complete cross-examination, and has taken no steps to suppress the deposition after it was taken and before the death of the witness, who then was in a very feeble physical condition, and was expected to live but a very short time thereafter; and now, having made this motion after the death of the witness, it must be held, under all the circumstances, that the motion must be denied.

Proposed order to be submitted before entering.

(64 Misc. Rep. 380.)

BURKE et al. v. RECTOR, ETC., OF TRINITY CHURCH et al.

(Supreme Court, Special Term, New York County. August, 1909.)

1. ACTION (§ 50*)—JOINDER OF CAUSES OF ACTION—PARTIES AND INTERESTS INVOLVED.

A complaint uniting a cause of action against the corporation of Trinity Church to restrain the closing of St. John's Chapel with a cause of action against the vestrymen of the church, as individuals, for an accounting, where such causes of action do not arise out of the same transaction, is demurrable as for a misjoinder of causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

2. ACCOUNT (§ 17*)—ACTIONS TO COMPEL—PETITION—SUFFICIENCY.

A complaint against the vestrymen of a church, not alleging any demand for an accounting, nor. alleging what steps, if any, have been taken by plaintiffs requiring the details of the moneys received and disbursed in past years, and not suggesting that the accounts kept were in any respect untrue or incomplete, fails to state a cause of action for an accounting.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 77–88; Dec. Dig. § 17.*]

Action by John Burke and others against the Rector, Churchwardens, and Vestrymen of Trinity Church and others. Demurrers to complaint sustained.

See, also, 132 App. Div. 930, 117 N. Y. Supp. 1130.

William H. Hamilton, for plaintiffs.

Jay & Candler, for defendants.

GREENBAUM, J. Although the allegations of the complaint in the main are directed to the alleged grievances of the plaintiffs, based upon the contemplated action of the defendants to close St. John's Chapel, which it is sought by this suit perpetually to restrain, it is difficult to avoid the conclusion that the plaintiffs also seek by the complaint to compel an accounting on the part of the vestry, the individual defendants, of the property of the corporation, its "revenues, and all payments therefrom, for such a period as to the court shall seem proper." It is apparent that the allegations bearing upon an accounting are in no wise related to those affecting a cause of action seeking to restrain the closing of St. John's Chapel, and their presence in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint, coupled with the prayer for relief for an accounting, may only be reconciled upon the theory that the pleader has attempted to set up at least two separate causes of action. An action for an accounting necessarily is against the individual defendants, the vestry, in the right of the defendant corporation, and can only be maintained by the plaintiffs if a state of facts is shown tantamount to a refusal on the part of the corporation to institute suit against the vestrymen. The cause of action which seeks to prevent the closing of St. John's Chapel primarily is against the defendant corporation, for an alleged invasion of the rights of the plaintiffs. The union of a cause of action against the defendant corporation with one against the vestrymen, the individual defendants, and not arising out of the same transaction, presents an incongruity justifying a demurrer for misjoinder of causes of action. People v. Equitable Life Assur. Society, 124 App. Div. 714, 729, 109 N. Y. Supp. 453.

But, aside from this, it requires very little consideration to conclude that the complaint fails to state a cause of action for an accounting. There is no allegation of a demand for an accounting, and the complaint is barren of any allegations of fact showing what steps, if any, had been heretofore taken by or on behalf of the plaintiffs, requiring the details and data of the moneys received and disbursed by the vestry in past years, nor is there any suggestion that the accounts that have been kept were in any respect untrue, incomplete, or false. As to the demurrer to the amended complaint for insufficiency in setting up a cause of action for an injunction against the closing of St. John's Chapel, it seems to me proper to regard the law of this case as laid down by Mr. Justice O'Gorman upon the denial of the motion for the continuance of the temporary injunction (63 Misc. Rep. 43, 117 N. Y. Supp. 255), and affirmed by the Appellate Division. Mr. Justice O'Gorman held "that the plaintiffs have presented no case of which a court of equity will take cognizance," and it has not been pointed out in what respects the amended complaint differs from the complaint considered by the learned justice.

I am therefore constrained to abide by the law of the case thus far decided. The demurrers must be sustained, with costs, and with leave to the plaintiffs to amend upon payment thereof.

Demurrers sustained, with costs, with leave to plaintiffs to amend upon payment thereof.